TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Michaela Scott

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michaela Scott,<br><br>              Plaintiff,<br><br>  vs.<br><br>GC Services, L.P.,<br><br>              Defendant. | Case No.: 5:15-cv-04279<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Michaela Scott (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against GC Services, L.P. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Capitola, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Defendant is a business entity located in Houston, Texas, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

6. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly

collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

7.  Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.  Upon information and belief, a financial obligation was allegedly incurred by Plaintiff's daughter, a person who is not a party to this lawsuit (hereafter "Debtor").

9.  Plaintiff has no responsibility for repayment of the Debtor's debt.

10. Debtor's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. In or around March of 2015, Defendant contacted Plaintiff in an attempt to collect a debt.

13. Defendant asked Plaintiff if she knew the Debtor and stated that the Debtor put Plaintiff's name down as a reference on an application.

14. At no time did Defendant's agent state that he was trying to obtain location information regarding the Debtor.

15. Plaintiff refused to further discuss the matter with Defendant and made it clear that she would not be able to assist them in collecting the debt.

16. Despite Plaintiff's statements, Defendant called back multiple times.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

19. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

20. Defendant's agent communicated with a person other than Plaintiff and failed to identify himself, failed to state that he was acquiring location information concerning the Plaintiff and/or identified his employer without being asked to do so, in violation of 15 U.S.C. § 1692b(1).

21. Defendant communicated with a person other than Plaintiff more than once without being requested to do so, in violation of 15 U.S.C. § 1692b(3).

22. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

27. Defendant communicated with Plaintiff's family regarding the alleged consumer debt and for a purpose other than to locate the Plaintiff, in violation of Cal. Civ. Code § 1788.12(b).

28. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

29. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  September 18, 2015 | TRINETTE G. KENT |
| 3 | | |
| 4 | | By: __/s/   Trinette G. Kent__<br>Trinette G. Kent, Esq. |
| 5 | | Lemberg Law, LLC |
| 6 | | Attorney for Plaintiff, Michaela Scott |

7

COMPLAINT FOR DAMAGES